[887 NYS2d 856]

In the Matter of EDWARD A. CHRISTENSEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 10, 2009

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion dated January 15, 2009, this Court suspended the respondent pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), authorized the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) to institute and prosecute a disciplinary proceeding against him, and referred the issues raised to John F. Mulholland, Esq., as Special Referee to hear and report. The Court also directed the Grievance Committee to file its petition within 20 days, directed the respondent to submit an answer within 20 days after service upon him of the petition, directed substituted service upon the respondent of all papers relating to this proceeding, and designated Robert Guido as inventory attorney.

The Grievance Committee now moves for an order adjudicating the respondent in default on the ground that he failed to serve and file an answer to the verified petition, deeming the charges contained in the verified petition established, and imposing discipline upon the respondent.

The petition contains two charges, one based on the respondent's alleged violation of his fiduciary obligations in failing to maintain funds entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), and the other based on his failure to cooperate with the Grievance Committee.

In view of the documented inability to effect service upon the respondent at either his last known business address or his last known personal residence, the Grievance Committee obtained an order from Presiding Justice Prudenti, dated April 8, 2009, authorizing service of the notice of motion for a default judgment by publication for two consecutive days, commencing April 20, 2009, in both the New York Law Journal and Newsday. On May 5, 2009, the Grievance Committee filed with this Court an affidavit reflecting service upon the respondent by publication in the New York Law Journal and Newsday on April 20, 2009 and April 21, 2009, pursuant to the Court's order dated April 8, 2009.

Having been served by publication and having failed to answer the charges of the petition, the respondent is in default and the charges contained in the verified petition must be deemed established (*see Matter of Anello*, 228 AD2d 1 [1996]). Accordingly, the Grievance Committee's motion to adjudicate the respondent in default and to deem the charges set forth in the pe-

tition established is granted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, FISHER and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward A. Christensen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Edward A. Christensen, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Edward A. Christensen, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Edward A. Christensen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).